IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEN JACOBS and TIMOTHY WILLIAMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELAWARE COUNTY DETECTIVE M. PALMER, DETECTIVE WORRILOW, UNKNOWN DELAWARE COUNTY POLICE OFFICERS, THE COUNTY OF DELAWARE, POLICE COMMISSIONER JOSEPH BAIL, CAPTAIN C. FELL, UNKNOWN CITY OF CHESTER POLICE OFFICERS, and THE CITY OF CHESTER,<br><br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-5797 |

MEMORANDUM RE: DEFENDANTS' MOTIONS TO DISMISS

**Baylson, J.**                                                                                                    **March 10, 2015**

**I.    Introduction**

This federal civil rights action arises from an encounter between Plaintiffs, Ken Jacobs and Timothy Williams, and two Defendants, Delaware County Detective M. Palmer and his unidentified partner. Plaintiffs allege that during this encounter Palmer and his partner violated their federal civil rights by using excessive force and falsely detaining them, and committed the state law torts of assault, battery, and intentional infliction of emotional distress. They further allege that Defendant the County of Delaware caused the violations of their civil rights by failing to properly train, supervise, and discipline Palmer and his partner. Finally, in the aftermath of this encounter, Plaintiffs allege that Palmer, his partner, Delaware County Detective Worrilow,

1

Chester Police Commissioner Joseph Bail, Chester Police Captain C. Fell, and unknown City of Chester police officers conspired to obstruct the investigation and prosecution of Palmer's and his partner's actions.

Defendants have filed two overlapping partial motions to dismiss. One motion, filed by the County of Delaware, Palmer, and Worrilow, seeks to dismiss the conspiracy claim and the Monell claim alleging that the County is responsible for Palmer's and his partner's alleged conduct. The second motion, filed by the City of Chester, Bail, and Fell, seeks to dismiss the conspiracy claim and any claims against the City, which is not named in any of the five counts of the complaint. For the reasons set out below, both motions will be granted and Counts Two and Five of Plaintiffs' complaint will be dismissed without prejudice and with leave to amend.

## II.   Factual Allegations

Plaintiffs allege that on October 13, 2012, between 3:00 and 4:00 pm, they were watching people ride motorcycles at Crozer Park in Chester, Pennsylvania. Compl. ¶ 11 (ECF 1). A fast-moving pick-up truck drove toward them and, as it entered the parking lot, Defendant Palmer discharged a firearm repeatedly from a window of the truck. Id. ¶¶ 12-13. Palmer and an unidentified Delaware County officer then exited the truck and ordered Plaintiffs to get down on the ground while repeatedly shouting racial epithets. Id. ¶ 14. Palmer and the unidentified officer smelled of alcohol and one of them discharged two more shots from a firearm. Id. ¶ 14.

Palmer and the unidentified officer then questioned Plaintiffs about "stolen four wheelers," while continuing to use racial epithets and profanity and while pointing firearms at Plaintiffs. Id. ¶¶ 14-15. Plaintiffs told Palmer and the other officer that they did not own dirt bikes or four wheelers and asked Palmer to call Jacobs' aunt, who was a corporal in the Chester Police Department. Id. ¶ 15-16. Palmer responded with threats, profanity, and racial epithets. Id.

2

Fearing for his life, Jacobs got up and told Palmer he was going to call his aunt. Id. ¶ 17. Palmer told Plaintiffs to "get the f--- out of here" and threatened them again. Id. ¶ 18. Palmer refused to give Plaintiffs his name and then he and the unidentified officer got back in the truck and began to drive away. Id. ¶ 19.

At that point, Chester police officers arrived and chased the pick-up truck. Id. Jacobs also called his aunt, who dispatched Chester police officers to the scene. Id. One of the responding Chester officers was Captain Fell, who arrived at the scene and interviewed Palmer. Id. ¶ 20. Approximately two days later, Delaware County Detective Worrilow interviewed Plaintiff Jacobs at his home. Id. ¶ 21. Shortly thereafter, Chester Police Commissioner Bail was informed of the incident by Captain Fell and Detective Worrilow. Id. ¶ 22.

**III.   Procedural History**

Plaintiffs filed a five-count complaint on October 10, 2014. Compl. (ECF 1). The first count alleges that Palmer and his unidentified partner violated 42 U.S.C. § 1983 by using excessive force and falsely detaining Plaintiffs. Id. ¶¶ 23-27. The second count is a Monell claim against the County of Delaware, alleging that the County violated section 1983 and caused Plaintiffs' civil rights to be violated by failing to properly train, discipline, and supervise Palmer and his unidentified partner. Id. ¶¶ 28-31. The third count alleges that Palmer and his unidentified partner committed assault and battery. Id. ¶¶ 32-33. The fourth count alleges that Palmer and his unidentified partner intentionally inflicted emotional distress. Id. ¶¶ 34-32 [sic].[1] Finally, the fifth count alleges that Palmer, his unidentified partner, Worrilow, Fell, and Bail

---

[1] The paragraphs in Count Four are misnumbered as paragraphs 34 and 32, such that the complaint has two paragraphs labeled "32" (in Counts Three and Four), two paragraphs labeled "33" (in Counts Three and Five) and two paragraphs labeled "34" (in Counts Four and Five). Assuming Plaintiffs file an Amended Complaint, these errors should be corrected.

3

conspired to obstruct the investigation and prosecution of Palmer and his unidentified partner, in violation of section 1983 and unspecified Pennsylvania state law. Id. ¶¶ 33-35.

Chester Police Commissioner Bail, Chester Police Captain Fell, and the City of Chester (collectively "Chester Defendants") moved to dismiss all claims against them on November 10, 2014 (ECF 9). Plaintiffs filed their opposition on December 9, 2014 (ECF 14). Delaware County Detectives Palmer and Worrilow and the County of Delaware (collectively "Delaware County Defendants") moved to dismiss Counts Two and Five on November 18, 2014 (ECF 12). Plaintiffs filed their opposition on December 5, 2014 (ECF 13).

### IV.  The Parties' Contentions

The Chester Defendants contend that Plaintiffs do not have a constitutional right to the investigation or prosecution of another, nor to an accurate police report. Chester Defs.' Br. at 5-9 (ECF 9). As a result, the Chester Defendants argue that Plaintiffs did not suffer any constitutional violation as a result of Fell's or Bail's alleged actions and therefore, Plaintiffs have no remedy against Bail or Fell under section 1983. Id. Alternatively and additionally, the Chester Defendants argue that Plaintiffs have failed to plead the existence of a section 1983 conspiracy to cover up Detective Palmer's alleged actions because they have not alleged any facts allowing an inference of combination, agreement or understanding. Id. at 9-11. Finally, the Chester Defendants argue that Plaintiffs' complaint does not name the City of Chester in any of its counts and, even if the complaint is intended to allege a Monell claim against the City, there are no allegations that the Plaintiffs suffered any constitutional violations as a result of a policy or custom of the City of Chester. Id. at 11-12.

In response, Plaintiffs offer little more than a restatement of the allegations in the complaint. Plfs.' Opp. to Chester Defs. (ECF 14).[2] They make no rebuttal to the Chester Defendants' argument that Plaintiffs did not suffer any constitutional violation as a result of the actions of Fell or Bail, and do not address the City of Chester's arguments at all. Id. Without citing any case law, Plaintiffs argue that they have adequately alleged that Fell and Bail conspired to obstruct the investigation and prosecution of Palmer's and his partner's actions. Id. at 8. Plaintiffs' opposition relies on an outdated standard of review that ignores the past seven years of case law interpreting federal pleading requirements following the United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Id. at 7.

The Delaware County Defendants contend that Count Two fails to state a Monell claim against the County because Plaintiffs have not adequately identified the County's custom or policy that caused Palmer's and his partner's alleged actions. Del. Cnty. Defs.' Br. at 5-10. Furthermore, the Delaware County Defendants argue that Plaintiffs have not identified the decision maker responsible for any such custom or policy and do not allege any other specific instances of similar constitutional violations that would show the County's deliberate indifference to the officers' inadequate training. Id. Similar to the Chester Defendants, the Delaware County Defendants also argue that Count Five fails to state a claim because Plaintiffs have no constitutional right to have criminal charges filed against Palmer and the factual allegations are insufficient to show a conspiracy to violate Plaintiffs' civil rights. Id. at 11-13.

In response, Plaintiffs again rely primarily on factual allegations from their complaint and a pre-Twombly standard of review. Pls.' Opp. to Del. Cnty. Defs. (ECF 13). They contend that

---

[2] Plaintiffs' filings are all unpaginated. The page numbers cited throughout this memorandum for Plaintiffs' filings refer to the page numbers assigned by the ECF system.

the Monell claim against the County of Delaware should not be dismissed because they adequately alleged that Palmer's and his partner's conduct resulted from a policy or custom of the County. Id. at 8-11. Plaintiffs also argue, without legal citation, that the facts in their complaint adequately allege a conspiracy to deprive them of their civil rights. Id. at 11-12.

**V.      Standard of Review**

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and the civil rights claims pursuant to 28 U.S.C. § 1343(a)(3). The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at

6

678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U .S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### VI. Analysis

#### A. There Are No Claims Against the City of Chester

Plaintiffs have not disputed the fact that their complaint does not assert any claims against the City of Chester. The complaint is also devoid of any factual allegations that a policy or custom of the City of Chester affected the actions of any of the individual defendants. Therefore, the City of Chester will be dismissed as a party, with prejudice.

#### B. Count Two Alleging Monell Liability Against the County of Delaware Will Be Dismissed, Without Prejudice

Count Two of Plaintiffs' complaint attempts to allege that the County of Delaware violated section 1983 through a policy or custom of failing to properly train, supervise, and discipline Palmer and his unidentified partner. Compl. ¶¶ 28-31. As with all of Plaintiffs' claims, this claim "requires a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (internal quotation marks omitted). To evaluate whether Plaintiffs have met this standard the Third Circuit has instructed that

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citations, alteration, footnote, and internal quotation marks omitted). The court must "also disregard 'naked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Id. at 131 (quoting Iqbal, 556 U.S. at 678).[3]

A municipality may not be held liable under section 1983 based solely on the conduct of its employees. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Instead, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan, 564 F.3d at 657 (alteration in original) (internal quotation marks omitted). "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." Id. at 658. If a plaintiff alleges that he or she was harmed by a custom, as opposed to a formally enacted policy, "[c]ustom requires proof of knowledge and acquiescence by the decisionmaker." Id. Failure "to allege conduct by a municipal decisionmaker" is "fatal" to a Monell claim. Id.; Santiago, 629 F.3d at 135 & n.11 (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a

---

[3] In their argument that Count Two should not be dismissed and in their statements of the standard of review, Plaintiffs unhelpfully cite only to cases that pre-date the Supreme Court's decisions in Twombly and Iqbal. Pls.' Opp. to Del. Cnty. Defs. at 7-11 (ECF 13); Pls' Opp. to Chester Defs. at 7 (ECF 14). This inadequate and incorrect briefing must not be repeated in this court. Pursuant to Fed. R. Civ. P. Rule 11(b)(2) & (c)(3), Plaintiffs' counsel will be ordered to show cause within 14 days why sanctions in the form of attorney's fees and costs should not be awarded to Defendants due to Plaintiffs' failure to cite to any current, post-Twombly precedential case law.

key element of a Monell claim"). In addition, a plaintiff must establish causation by properly pleading that the municipality's policy or custom "was the source of [his or] her injury." Santiago, 629 F.3d at 135.

If the policy at issue "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir.2014) (internal quotation marks omitted). "Ordinarily, '[a] pattern of similar constitutional violations by untrained employees' is necessary 'to demonstrate deliberate indifference for purposes of failure to train,'" although liability may be based on a single incident if the need for training is sufficiently obvious. Id. at 223 (alteration in original) (quoting Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011)).

Plaintiffs' only allegations regarding the County of Delaware are set out in paragraphs 29 to 31 of their complaint:

> 29. Defendant, County of Delaware and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers M. Palmer and Unknown CID Officer who have violated the rights of citizens, including the plaintiffs', thus encouraging defendants Officer Palmer and Unknown CID officer in this case to engage in the unlawful and actionable conduct described above.
> 30. Defendants, County of Delaware, and its police department as a further matter of policy and practice failed to train properly its police officers Palmer and Unknown CID Officer, with respect to the constitutional, statutory and departmental limits of their authority.
> 31. The defendant, County of Delaware and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant officers Palmer and other unknown CID officer, prior to the incident in question, as other similar incidents have occurred in the past involving defendant Officer Palmer and Unknown CID officer.

Compl. ¶¶ 29-31.

These allegations are insufficient to state a claim under Monell because they consist of nothing more than legal conclusions, "naked assertions devoid of factual enhancement," and

9

"threadbare recitals of the elements of a cause of action." Santiago, 629 F.3d at 130-31 (internal quotation marks omitted). Plaintiffs have not specified "what exactly that custom or policy was" that allegedly caused their injuries nor have they identified the relevant municipal decision maker responsible for that policy. McTernan, 564 F.3d at 658. To the extent Plaintiffs rely on a failure to train theory, they have not alleged facts that show a "pattern of similar constitutional violations by untrained employees."[4] Thomas, 749 F.3d at 223.

The Third Circuit recently considered a complaint with similarly conclusory allegations and affirmed dismissal of a Monell claim because the claim merely "stated the elements of the cause of action," which did not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Wood v. Williams, 568 F. App'x 100, 104 (3d Cir. 2014).[5] In Wood, as here,

---

[4] In their brief, Plaintiffs argue that they have alleged "prior civil lawsuits, internal affairs complaints, and complaints from the general community." Pls.' Opp. to Del. Cnty. Defs. at 9 (ECF 13). However, their complaint does not contain any such factual allegations. The closest it comes is the allegation that "other similar incidents have occurred in the past involving defendant Officer Palmer and Unknown CID officer." Compl. ¶ 31. This allegation is patently speculative with respect to the unknown officer. It is also a conclusory statement of one of the elements of the cause of action that is devoid of factual enhancements that would move it past "the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S. at 557 (internal quotation marks and alteration omitted). Furthermore, it does not establish that any such prior incidents were sufficiently similar to put the County on notice that specific training was needed to avoid the constitutional violations at issue here. See Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011) (noting that prior dissimilar Brady violations did not put a county prosecutor on notice of a need for training with respect to the particular Brady violation at issue).

[5] For example, the allegations in Wood stated that the defendant, a public school, had "developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of [its] employees, which caused the violation of [plaintiff's] constitutional rights," "had a policy and/or custom . . . to inadequately screen during the hiring process and to inadequately train, retrain and/or supervise [its] employees . . . thereby failing to adequately discourage Constitutional violations on the part of [its] employees," and "[a]s a result of the above described policies and customs and/or failure to adopt necessary and appropriate policies, some [of its] employees ... believed that their actions would not be properly monitored by supervisory officials, and the Constitutional violations of the rights of individuals such as . . . [the plaintiff] would not be investigated or sanctioned, but, rather, would be tolerated." 568 F. App'x at 103-04 (internal quotation marks omitted).

the complaint was also deficient in alleging a claim for failure to train or supervise because it "did not allege facts showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations." Id. at 105.

For all of these reasons, the allegations in Count Two are inadequate to state a claim against the County of Delaware. However, because Plaintiffs may be able to add sufficient facts to state a claim, Count Two will be dismissed without prejudice and with leave to amend.

    C.    Count Five Alleging Conspiracy to Violate Plaintiffs' Civil Rights Will Be Dismissed, Without Prejudice

Count Five alleges that, in violation of section 1983, Defendants Palmer, Worrilow, Fell, Bail, and other unknown officers "conspired to obstruct the investigation and ultimate prosecution" of Palmer's and his partner's actions, and "deliberately ignored or falsified the numerous witness statements made on the day of the incident." Compl. ¶¶ 34-35. This Count will be dismissed because Plaintiffs have not identified any federally protected right that was infringed by the alleged conspiracy.

As the Court has previously articulated in another case, "[t]o state a conspiracy claim under section 1983, a plaintiff must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.'" Cooper v. City of Chester, 11-cv-5381, 2011 WL 6046934, at *7 (E.D. Pa. Dec. 5, 2011) (quoting Perano v. Twp. of Tilden, 423 Fed App'x 234, 239 (3d Cir. 2011)). However, the Third Circuit has repeatedly concluded that "there is no constitutional right to the investigation or prosecution of another." Sanders v. Downs, 420 F. App'x 175, 180 (3d Cir. 2011); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of

11

a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (internal quotation marks omitted)). Similarly, "the mere existence of an allegedly incorrect police report fails to implicate constitutional rights."[6] Jarrett v. Twp. Of Bensalem, 312 F. App'x 505, 507 (3d Cir. 2009). Plaintiffs have not pointed to any case law to the contrary and, in fact, did not dispute Defendants' arguments on this issue at all. Thus, Count Five will be dismissed for failure to identify any deprivation of a federally protected right.

Defendants also argue that Plaintiffs have failed to meet their burden to allege a section 1983 conspiracy. Chester Defs.' Br. at 9-11; Del. Cnty. Defs.' Br. at 12-13. In particular, Defendants argue that Plaintiffs have failed to meet the pleading requirements discussed in various cases including this Court's decision in Cooper, 2011 WL 6046934 at *7. Having already concluded that Count Five must be dismissed, the Court need not reach that argument at this time.

Lastly, Plaintiffs' Complaint and their Opposition to the Chester Defendants' motion both suggest that Count Five is meant to allege a claim under Pennsylvania state law. Compl. ¶¶ 33-35; Pls.' Opp. to Chester Defs. at 8 (ECF 14). However, Plaintiffs have not identified any state law that establishes a right that was infringed by the alleged conspiracy or any state law that establishes a remedy for the infringement of that state-protected right. Section 1983 provides a remedy only for violations of federally protected rights, not for violations of state law rights. Cooper, 2011 WL 6046934 at *7. To the extent it was intended to assert a claim under state law, Count Five does not.

---

[6] "[A] bad police investigation is actionable under section 1983 only if it results in a deprivation of some right." Martin v. City of Reading, No. 12-cv-03665, 2013 WL 5429358, at *8-9 (E.D. Pa. Sept. 30, 2013) (holding that the plaintiff stated a claim because an allegedly false police report caused the plaintiff's arrest and prosecution). Here, Plaintiffs have not alleged that they suffered any harm, such as arrest or prosecution, as a result of the alleged conspiracy to falsify police reports and witness statements.

For all of these reasons, Count Five fails to state a claim. In fact, Plaintiffs' complaint and memoranda of law have not yet identified any legal authority to support their contention that Count Five states a viable claim under federal or state law. Nevertheless, it is possible that Plaintiffs can state a claim by identifying a federally protected right that was infringed by the alleged conspiracy or by identifying a viable legal theory based on state law. Count Five will therefore be dismissed without prejudice and with leave to amend. However, if Plaintiffs file an amended complaint that includes the claims in Count Five, Plaintiffs must plead that these claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

### VII.    Conclusion

For the foregoing reasons, Counts Two and Five of Plaintiff's Complaint (ECF 1) will be dismissed without prejudice and with leave to amend. The City of Chester will be dismissed as a party. An appropriate order follows.

O:\CIVIL 14\14-5797 jacobs v. palmer\14cv5797.Memo.re.MTDs.2015.03.09.docx