IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEN JACOBS and TIMOTHY WILLIAMS,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELAWARE COUNTY DETECTIVE M. PALMER, DETECTIVE WORRILOW, UNKNOWN DELAWARE COUNTY POLICE OFFICERS, THE COUNTY OF DELAWARE, POLICE COMMISSIONER JOSEPH BAIL, CAPTAIN C. FELL, UNKNOWN CITY OF CHESTER POLICE OFFICERS, and THE CITY OF CHESTER,<br><br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-5797 |

## MEMORANDUM AND ORDER

**Baylson, J.**                                                                                                    **April 23, 2015**

In response to the complaint, defendants filed a motion to dismiss under Rule 12, basically contending that plaintiffs' allegations were insufficiently specific under the leading Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In response, the plaintiffs failed to cite *Twombly* or *Iqbal,* and exclusively relied on cases decided prior to *Twombly* and *Iqbal*. Plaintiffs also ignored leading Third Circuit cases following *Twombly* and *Iqbal* which further specified the pleading requirements that must be met following the Supreme Court's *Twombly* and *Iqbal* rulings. Stated briefly, the Supreme Court's decisions in *Twombly* and *Iqbal* tightened the concept of "notice pleading," by requiring a plaintiff to plead sufficient facts to state a plausible claim and

1

clarifying that a plaintiff cannot rely on mere conclusory allegations that the defendants violated the law. *Iqbal*, 556 U.S. at 677-84.

The Court ruled on the defendants' motions to dismiss by Memorandum and Order dated March 10, 2015 (ECF 16, 17), which granted the motions to dismiss in large part because plaintiffs' allegations were insufficiently specific.

In the Court's Order, the Court required plaintiffs to show cause under Fed. R. Civ. P. Rule 11(b)(2) & (c)(3) why sanctions should not be granted because of the plaintiffs' failure to acknowledge the *Twombly* and *Iqbal* pleading rules, and the Third Circuit case law. Instead, plaintiffs relied exclusively on pre-*Twombly* and pre-*Iqbal* decisions which are no longer valid.

Plaintiffs' response to the Court's Order to Show Cause (ECF 19) does not respond to the Court's direction. In it, plaintiffs' attorneys ignore the relevant issue of pleading requirements under *Twombly* and *Iqbal* and discuss only the tangential issue of how *Iqbal* affected claims for supervisory liability. Plaintiffs' response to the Order to Show Cause is an implied concession that plaintiffs' brief in response to the motion to dismiss, defending the sufficiency of the allegations in the complaint, were not "warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

The Court does not sanction plaintiffs' counsel for the insufficiency of the complaint. The violation of Rule 11 took place by the plaintiffs' counsel filing a brief which attempted to defend the allegations by citing case law that had been abrogated by *Twombly* and *Iqbal* and subsequent Third Circuit decisions. The impact of *Twombly* and *Iqbal* on federal civil practice is nothing new. Numerous Continuing Legal Education programs have emphasized the change in pleading standards required by *Twombly* and *Iqbal* and subsequent lower court decisions.

Plaintiffs' counsel is certainly on notice of this change in the law; and, in filing a brief that ignored these decisions, violated Rule 11. Plaintiffs' counsel's response to the Court's Order to Show Cause was non-responsive. The Court is put in an unpleasant position of either ignoring a blatant violation of Rule 11 or imposing a sanction. If defense counsel in this case had filed a reply brief, the Court could have easily justified, as a sanction, defendants' counsel fees in researching, writing, and filing a reply brief. However, no reply brief was filed.

The Court hopes that this sanction will serve as a "blinking red light" that other attorneys in their motion practice before this Court must recognize the post-*Twombly* and post-*Iqbal* regime.

Under all the circumstances, the Court sanction will be to require plaintiffs' counsel to attend a Continuing Legal Education program within the next six (6) months; which covers Federal Civil Procedure, and to certify compliance.

**BY THE COURT:**

**/s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 14\14-5797 jacobs v. palmer\14cv5797.Memo.showcause.4.8.14.docx