IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEN JACOBS and TIMOTHY WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>DELAWARE COUNTY DETECTIVE M. PALMER, DETECTIVE WORRILOW, UNKNOWN DELAWARE COUNTY POLICE OFFICERS, THE COUNTY OF DELAWARE, POLICE COMMISSIONER JOSEPH BAIL, CAPTAIN C. FELL, UNKNOWN CITY OF CHESTER POLICE OFFICERS, and THE CITY OF CHESTER,<br><br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 14-5797 |

**MEMORANDUM RE MOTIONS TO DISMISS**

**Baylson, J.**                                                                                                                               **June 24, 2015**

**I.    Introduction**

This federal civil rights action arises from an encounter between Plaintiffs, Ken Jacobs and Timothy Williams, and two Defendants, Delaware County Detective M. Palmer and his unidentified partner. Plaintiffs allege that during this encounter Palmer and his partner violated their federal civil rights by using excessive force and falsely detaining them, and committed the state law torts of assault, battery, and intentional infliction of emotional distress. Plaintiffs further allege that Defendant Delaware County caused the violations of their civil rights by failing to properly train, supervise, and discipline Palmer and his partner. Finally, in the aftermath of this encounter, Plaintiffs allege that Palmer, Palmer's unidentified partner, Delaware

1

County Detective Worrilow, Chester Police Commissioner Joseph Bail, Chester Police Captain C. Fell, and unknown City of Chester police officers conspired to obstruct the investigation and prosecution of Palmer's and his partner's actions.

After Plaintiffs filed an amended complaint, Defendants have again moved to dismiss Counts Two and Five.[1] For the reasons set out below, Defendants' motions will be **GRANTED.**

## II. Factual Allegations

The amended complaint alleges the following facts, which the Court must accept as true for the purposes of these motions to dismiss.

On October 13, 2012, plaintiffs Ken Jacobs and Timothy Williams were at the parking lot of the Crozer Park baseball fields in Chester, PA, watching people in the park riding motorcycles. Amended Complaint (Compl.) ¶ 11 (ECF 20). A pick-up truck drove into the parking lot and Delaware County Detective Palmer began shooting out of the truck window at Jacobs and Williams. Compl. ¶¶ 12-13. Detective Palmer and an unknown Delaware County Detective stepped out of the vehicle, pointed their weapons at Jacobs and Williams, and ordered them to get on the ground. One of the officers fired two more shots, and asked Plaintiffs to reveal the whereabouts of stolen four-wheelers, while shouting racial slurs. Compl. ¶¶ 14-15. The officers eventually released the men, returned to the truck, and sped away. Compl. ¶ 19. Chester police officers arrived at the scene and chased the pickup truck. Id. Jacobs called his aunt, a Corporal for the Chester Police, who dispatched officers to the scene to interview plaintiffs and witnesses. Id. One of the responding Chester officers was Captain Fell, who arrived at the scene and interviewed Detective Palmer. Id. ¶ 20. Approximately two days later, Delaware County

---

[1] This Court previously granted Defendants' motions to dismiss Counts Two and Five of the original complaint, dismissing the City of Chester as a party with prejudice, dismissing Counts Two and Five without prejudice, and giving Plaintiffs leave to amend their complaint to add more specificity and to comply with federal pleading requirements (ECF 17).

Detective Worrilow interviewed Jacobs at his home. Id. ¶ 21. Shortly thereafter, Chester Police Commissioner Bail was informed of the incident by Captain Fell and Detective Worrilow. Id. ¶ 22.

**III.     Procedural History**

Plaintiffs filed a five-count complaint on October 10, 2014. Compl. (ECF 1). Of relevance here, Count Two alleged a Monell claim against the County of Delaware and Count Five alleged a section 1983 conspiracy. Chester Police Commissioner Bail, Chester Police Captain Fell, and the City of Chester (collectively "Chester Defendants") moved to dismiss all claims against the City of Chester, and to dismiss Count Five against Bail and Fell (ECF 9). Delaware County Detectives Palmer and Worrilow and the County of Delaware (collectively "Delaware County Defendants") moved to dismiss Counts Two and Five (ECF 12).

The Court issued a Memorandum and Order on March 10, 2015 (ECF 16 and 17) granting defendants' motions, dismissing Counts Two and Five without prejudice, and giving Plaintiffs leave to amend their complaint to comply with the pleading requirements set out by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The amended complaint filed on March 24, 2015 (ECF 20) was revised to reflect the Court's dismissal of the City of Chester as a party, to state the custom supporting Plaintiffs' failure to train theory, and to add facts regarding Plaintiffs' Monell and conspiracy claims, but otherwise remained largely identical to the initial complaint. In response, the Delaware County Defendants and the Chester Defendants again each filed motions to dismiss Counts Two and Five (ECF 22 and 23), advancing arguments similar to those articulated in their first motions. Plaintiffs filed oppositions (ECF 24 and 28), and the Chester Defendants filed a Reply (ECF 27).

## IV. The Parties' Contentions

### A. Delaware County Defendants and the Monell Claim

In support of their motion to dismiss Plaintiffs' Monell claim, the Delaware County Defendants argue that Plaintiffs' amended complaint fails to adequately plead a Monell claim. Del. Cnty. Defs.' Br. at 9 (ECF 23). They contend that Plaintiffs do not identify specific conduct of a County decision maker that led to unconstitutional action, and only plead broad legal conclusions to support their failure to train theory. Id. at 7-9. They further argue that Plaintiffs do not specify what training the County failed to provide its officers, a pattern of similar violations by untrained County employees, or facts that would support the application of single incident municipal liability. Id. at 9.

### B. All Defendants – Conspiracy Claim

In support of their motions to dismiss Plaintiff's section 1983 conspiracy claim, the Chester Defendants and the Delaware County Defendants contend that Plaintiffs cannot allege a violation of their constitutional rights under 42 U.S.C. § 1983 because there is no constitutional right to a police investigation and accurate police report. Chester Defs.' Br. at 6-10 (ECF 22); Del. Cnty. Defs.' Br. at 10-11 (ECF 23). They argue that while section 1983 provides a private cause of action to an individual whose constitutional rights have been violated, it does not create a constitutional right. Chester Defs.' Br. at 6.

Defendants contend that Plaintiffs have not alleged that the failure to write an accurate report or conduct a proper investigation resulted in a violation of Plaintiffs' constitutional rights, such as when a false police report results in arrest and incarceration. Chester Defs.' Br. at 9-10. The Chester Defendants contend that their investigation was conducted after the alleged constitutional violations and, as neither Captain Fell nor Commissioner Bail were in any way

4

involved with the alleged deprivation of Plaintiffs' rights to be free from unreasonable seizure and excessive force, Plaintiffs cannot maintain a section 1983 conspiracy claim against them. Id.

C. Plaintiffs' Response

In response, Plaintiffs argue that the County of Delaware was put on actual notice of the need to train their officers regarding the consumption of alcohol on duty, and the use of firearms and detention of citizens, based on similar conduct in the past. Plfs.' Opp. to Del. Cnty. Defs. at 10 (ECF 28).[2]

Plaintiffs contend that Detective Worrilow knew that Detective Palmer and his partner were untruthful in relating the October 13 incident, and that Worrilow falsified numerous witness statements although neither the complaint nor Plaintiffs' brief identify which reports were falsified. Pls.' Opp. to Del. Cnty. Defs. at 12-13 (ECF 28). Plaintiffs do not address Defendants' contention that Plaintiffs have not pleaded facts allowing the inference of a conspiracy, such as the conduct, time, place, and persons responsible for the conspiracy. Pls.' Opp. to Chester Defs. at 9 (ECF 24).

Plaintiffs' brief cites to precedents of the Fifth and Seventh Circuits to support the assertion that the Defendants' alleged cover-up of the investigation deprived Plaintiffs of their due process right to "access [to] the courts in order to litigate the underlying misconduct." Pls.' Opp. to Chester Defs. at 9. Although Plaintiffs did not allege this theory in their complaint, they also assert that the conspiracy in question was motivated by racial animus. Id. at 10.

D. Chester Defendants' Reply

In reply, the Chester Defendants contend that Plaintiffs have not explained how Defendants' conduct denied them access to the court, and have thus failed to adequately plead

---

[2] Plaintiffs' filings are all unpaginated. The page numbers cited throughout this memorandum for Plaintiffs' filings refer to the page numbers assigned by the ECF system.

5

this claim. Chester Defs.' Reply at 3-4 (ECF 27). They argue that to plead a denial of access claim, Plaintiffs must allege that they were barred from court by the alleged conspiracy, or that the alleged conspiracy prevented them from seeking a remedy that is not available in their current civil claim. Id. at 4-5. In addition, the Chester Defendants contend that having failed to plead a denial of access claim, a violation of 42 U.S.C. § 1985, or any racial animus by the Chester Defendants, Plaintiffs cannot now amend their complaint to pursue these new causes of action because the statute of limitations on these claims has expired. Id. at 2-3.

**V.  Jurisdiction and Standard of Review**

The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and the civil rights claims pursuant to 28 U.S.C. § 1343(a)(3). The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

6

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## VI. Analysis

Despite the reminder from this Court (ECF 16 at 8 n.3), Plaintiffs again fail to cite any cases interpreting federal pleading requirements following the United States Supreme Court's decisions in Twombly, 550 U.S. 544 (2007) and Iqbal, 556 U.S. 662 (2009). Pls.' Opp. to Chester Defs. at 7-8 (ECF 24); Plfs.' Opp. to Del. Cnty Defs. at 7 (ECF 28).

With respect to Count Two, as in the original complaint, Plaintiffs fail to specify how and when Delaware County was put on actual notice, or any facts that the Delaware County Defendants have participated in similar past conduct. Citing Second Circuit precedent, Plaintiffs contend that a municipality engages in a custom or practice that constitutes deliberate indifference when it fails to train or discipline officers regarding past unconstitutional conduct. Plfs.' Opp. to Del. Cnty. Defs. at 11. Plaintiffs have not, however, alleged any facts in the

7

complaint as to the past conduct of Delaware County. With respect to Count Five, Plaintiffs have again failed to allege that the conspiracy deprived Plaintiffs of any federally protected right.

  A. <u>Count Two Alleging Monell Liability Against Delaware County Will Be Dismissed With Prejudice</u>

Count Two of Plaintiffs' amended complaint purports to allege that Delaware County violated section 1983 through a policy or custom of failing to properly train, supervise, and discipline Palmer and his unidentified partner. Compl. ¶¶ 28-31. As with all of Plaintiffs' claims, this claim "requires a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." <u>McTernan v. City of York</u>, 564 F.3d 636, 658 (3d Cir. 2009) (internal quotation marks omitted). To evaluate whether Plaintiffs have met this standard the Third Circuit has instructed that

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

<u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010) (citations, alteration, footnote, and internal quotation marks omitted). The court must "also disregard 'naked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" <u>Id.</u> at 131 (quoting <u>Iqbal</u>, 556 U.S. at 678).

A municipality may not be held liable under section 1983 based solely on the conduct of its employees. See <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 691 (1978). Instead, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." <u>McTernan</u>, 564 F.3d at 657 (alteration in original) (internal quotation marks omitted). "To satisfy the

8

pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." Id. at 658. If a plaintiff alleges that he or she was harmed by a custom, as opposed to a formally enacted policy, "[c]ustom requires proof of knowledge and acquiescence by the decisionmaker." Id. Failure "to allege conduct by a municipal decisionmaker" is "fatal" to a Monell claim. Id.; Santiago, 629 F.3d at 135 & n.11 (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a key element of a Monell claim"). In addition, a plaintiff must establish causation by properly pleading that the municipality's policy or custom "was the source of [his or] her injury." Santiago, 629 F.3d at 135.

If the policy at issue "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014) (internal quotation marks omitted). "Ordinarily, '[a] pattern of similar constitutional violations by untrained employees' is necessary 'to demonstrate deliberate indifference for purposes of failure to train,'" although liability may be based on a single incident if the need for training is sufficiently obvious. Id. at 223 (alteration in original) (quoting Connick v. Thompson, 131 S.Ct. 1350, 1360 (2011)). Where a complaint lacks alleged "facts showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations," the complaint is

9

inadequate to state a municipal liability claim. Wood v. Williams, 568 F. App'x 100, 105 (3d Cir. 2014).[3]

On March 10, 2015, this Court gave Plaintiffs leave to amend their complaint in accordance with this pleading requirement, as the initial complaint stated little more than legal conclusions, failed to specify a policy or custom allegedly causing their injuries, failed to identify a decision maker, and failed to allege facts showing a pattern of constitutional violations to support their failure to train theory. Plaintiffs amended Count Two of their complaint as follows:

> 29. Defendant, County of Delaware and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers M. Palmer and Unknown CID Officer <u>regarding the consumption of alcohol while on duty, the unauthorized discharge of weapons and illegal detentions of citizens when no probable cause exists and</u> ~~who~~ have violated the rights of citizens, including the plaintiffs', thus encouraging defendants Officer Palmer and Unknown CID officer in this case to engage in the unlawful and actionable conduct described above.
>
> 30. Defendants, County of Delaware, and its police department as a further matter of policy and practice failed to train properly its police officers Palmer and Unknown CID Officer, with respect to the constitutional, statutory and departmental limits of their authority <u>including the consequences of consumption of alcohol while on duty, the unauthorized discharge of weapons and the illegal detentions of citizen when no probable cause exists</u>.
>
> 31. The defendant, County of Delaware and its Police Department were on actual notice of a need to train, supervise, discipline or terminate defendant officers

---

[3] For example, the allegations in Wood stated that the defendant, a public school, had "developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of [its] employees, which caused the violation of [plaintiff's] constitutional rights," "had a policy and/or custom . . . to inadequately screen during the hiring process and to inadequately train, retrain and/or supervise [its] employees . . . thereby failing to adequately discourage Constitutional violations on the part of [its] employees," and "[a]s a result of the above described policies and customs and/or failure to adopt necessary and appropriate policies, some [of its] employees ... believed that their actions would not be properly monitored by supervisory officials, and the Constitutional violations of the rights of individuals such as . . . [the plaintiff] would not be investigated or sanctioned, but, rather, would be tolerated." 568 F. App'x at 103-04 (internal quotation marks omitted).

10

> Palmer and other unknown CID officer, prior to the incident in question, as other similar incidents have occurred in the past involving defendant Officer Palmer and Unknown CID officer.
>
> 32. <u>The defendant, County of Delaware, additionally had a policy to ratify a conspiracy with defendants Palmer, Worrilow, Fell and Bail to obstruct the investigation and ultimate prosecution of Delaware County officer Palmer and unknown CID officer for violation the civil rights of plaintiffs, by willfully and deliberately falsifying the accounts of the witnesses, disposing evidence of defendant shell casings and deliberately ignoring and testing the intoxicated state of defendant Palmer on October 13, 2012 in Crozer Park, Chester, PA.</u>

Compl. ¶¶ 29-32 (ECF 20) (additions to initial complaint underlined).

The amended complaint alleges that Delaware County has failed to train, supervise, or discipline its employees on the issues of "consumption of alcohol while on duty, the unauthorized discharge of weapons and illegal detentions of citizens when no probable cause exists." Compl. ¶ 29. Plaintiffs have partially remedied their initial complaint by specifying the custom that allegedly caused their injuries, but plaintiffs have still not identified the relevant municipal decision maker responsible for the alleged policy decision not to train the Delaware County officers, nor alleged that the decision maker had knowledge of and acquiesced in the failure to train. Failure "to allege conduct by a municipal decisionmaker" is "fatal" to a <u>Monell</u> claim. <u>McTernan</u>, 564 F.3d at 657; <u>Santiago</u>, 629 F.3d at 135 & n.11 (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a key element of a <u>Monell</u> claim").

This fatal flaw in Count Two of Plaintiff's amended complaint was expressly discussed in the Court's Memorandum dismissing Count Two of Plaintiffs' initial complaint with leave to amend. Nevertheless, Count Two continues to fail to state a claim for most of the same reasons that were outlined in the Court's prior memorandum. Because these deficiencies remain, despite Plaintiffs' being on notice of them and having had a chance to cure them, Count Two will be dismissed with prejudice because it appears that any further amendment would be futile and it

would be inequitable to force Defendants to respond yet again to the same insufficient allegations. The Court need not discuss whether Plaintiffs have adequately pleaded the other elements of a Monell claim.

> B. Count Five Alleging Conspiracy to Violate Plaintiffs' Civil Rights Will Be Dismissed With Prejudice

Count Five of Plaintiffs' amended complaint alleges that Defendants Worrilow and others "conspired to obstruct the investigation and ultimate prosecution of defendants [Palmer and his partner]…by willfully and deliberately falsifying accounts of the events that occurred on October 13, 2012," essentially amounting to a "cover-up" of Detective Palmer and his partner's plan to falsify their report of the October 13 incident. Compl. ¶¶ 34-35.[4]

Plaintiffs amended Count Five of their complaint with the following underlined phrases:

34. The above mentioned defendants conspired to obstruct the investigation and ultimate prosecution of defendants, Delaware County officers M. Palmer and unknown CID officer for violating the civil rights of defendants, by willfully and deliberately falsifying accounts of the events that occurred on October 13, 2012 in Crozer Park, Chester, PA which ratified defendants' conspiracy.

35. The above defendants knew that Palmer and the unknown CID officer were untruthful in telling their accounts of the events that happened in Crozer Park and deliberately ignored or falsified the numerous witness statements made on the day of the incident that in fact defendants Palmer and the unknown CID officer fired their weapons while driving their truck and illegally detained and assaulted the plaintiffs. The above mentioned defendants participated in a conspiracy which ratified a "cover-up" of defendants Palmer and unknown CID detective's plan to falsify the reporting of the incident involving the plaintiff on October 13, 2012.

Compl. ¶¶ 34-35 (ECF 20) (additions to initial complaint underlined).

To the extent that the amended complaint alleges a conspiracy that has infringed upon the right to prosecution and to an accurate police report, the complaint has not stated a cause of

---

[4] Despite the Court's explicit instruction in its previous Memorandum, ECF 16 at 3 n.1, the paragraphs in Count Four of the amended complaint are misnumbered as paragraphs 34 and 32, such that the complaint continues to have two paragraphs labeled "32" (in Counts Three and Four), two paragraphs labeled "33" (in Counts Three and Five) and two paragraphs labeled "34" (in Counts Four and Five).

action. As discussed in the Court's previous memorandum, Defendants are correct that there is no constitutional right to the prosecution of another or to an accurate police report. "To state a conspiracy claim under section 1983, a plaintiff must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.'" Cooper v. City of Chester, 11-cv-5381, 2011 WL 6046934, at *7 (E.D. Pa. Dec. 5, 2011) (quoting Perano v. Twp. of Tilden, 423 Fed App'x 234, 239 (3d Cir. 2011)).

Although it is not alleged in their amended complaint, Plaintiffs contend in their brief that the alleged conspiracy denied them access to the courts. Plfs.' Opp. to Chester Defs. at 9 (ECF 24). The Supreme Court has recognized a constitutional right of access to the courts rooted in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Gibson v. Superintendent of N.J. Dep't of Law & Public Safety – Div. of State Police, 411 F.3d 427, 441 (3d Cir. 2005), overruled on other grounds as stated in Dique v. Superintendent of N.J. State Police, 603 F.3d 181, 183 (3d Cir. 2010); Christopher v. Harbury, 536 U.S. 403, 415 n. 12 (2002). This case does not concern denial of access. By filing this case, Plaintiffs have access to the courts.

Plaintiffs proffer no argument that the alleged falsification of police records would or did prevent them from seeking adequate redress on their Count One, Count Three, and Count Four claims, or that there is an alternative remedy they have been denied that this Court cannot offer them.[5] For all of these reasons, the amended complaint does not, and cannot, state a denial of

---

[5] It is not entirely clear whether Plaintiffs contend they have a denial of access claim concerning the criminal prosecution of defendants, or their current litigation. To the extent that Plaintiffs contend they have a denial of access claim concerning the criminal prosecution of Defendants, Plaintiffs cannot merely rephrase their nonactionable right to prosecution claim as a denial of access claim.

access claim.[6] Overall, Plaintiffs have not identified any federally protected right that was infringed by the alleged conspiracy and it appears that they cannot do so, making further amendment of Count Five futile.

**VII.  Conclusion**

For the foregoing reasons, the Motions to Dismiss Counts Two and Five of the amended complaint will be **GRANTED** and Counts Two and Five will be **DISMISSED WITH PREJUDICE**.

An appropriate order follows.

O:\CIVIL 14\14-5797 jacobs v. palmer\14cv5797.Memo.mtd.6.23.15.docx

---

[6] Plaintiffs also contend that Captain Fell's and Commissioner Bell's participation in the alleged conspiracy was motivated by racial animus, although plaintiffs' amended complaint does not contain any allegations of racial animus. Plfs.' Opp. to Chester Defs. at 10 (ECF 24). For support, Plaintiffs cite to Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971), which held that there is a valid cause of action under 42 U.S.C. § 1985 against conspirators motivated by racial animus to deprive persons of their right to equal protection of the laws. Plaintiffs have not alleged a section 1985 claim in their amended complaint. The amended complaint does not even plead any facts that indicate the Chester Defendants were aware of the racial epithets officer Palmer and his partner allegedly used with plaintiffs on October 13, 2012. Giving Plaintiffs leave to amend to state this cause of action would be futile, as even if Plaintiffs sufficiently pleaded that the conspiracy was motivated by racial animus, Plaintiffs still have not shown that they were deprived of a constitutional right as a result of this alleged conspiracy.