IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEN JACOBS, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | NO. 14-5797 |
| DELAWARE COUNTY DETECTIVE M. PALMER | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE　　　　　　　　　　　　　　　　　　　　　　　　May 10, 2016
UNITED STATES MAGISTRATE JUDGE

**I.　INTRODUCTION**

Plaintiffs, Ken Jacobs ("Jacobs") and Timothy Williams ("Williams") (collectively "Plaintiffs"), have brought this action against Delaware County Detective Michael Palmer ("Palmer" or "Defendant"), asserting a 4th Amendment excessive force claim (Count I) and state law claims for assault and battery (Count III) and intentional infliction of emotional distress ("IIED") (Count IV), due to an altercation that took place on October 13, 2012 between Plaintiffs and Defendant.[1]  Discovery has been completed and Palmer has brought this Motion for Partial Summary Judgment on Count IV of Plaintiff's Amended Complaint. (Doc. 46.)

By his motion, Palmer asserts that there is no genuine issue of material fact which would support an IIED claim. (Doc. 46 at 8.) He asserts that "[n]either Plaintiff in this case suffered

---

[1] Plaintiffs' initial and Amended Complaints assert claims against multiple defendants. (Docs. 1, 20.) Pretrial motions resolved before the filing of this Motion for Summary Judgment have left only these three claims against Palmer, the only remaining defendant. (Docs. 22, 23, 34.)

any physical injuries in this incident…" or "sought any medical, psychiatric or psychological assistance from any professional in the medical or psychological field," requirements which he contends are necessary to establish a prima facie case of IIED. (*Id.*) Plaintiffs argue that they have met their burden, asserting that bodily harm elements can be satisfied with evidence of emotional harm and that there is sufficient evidence to establish emotional harm. (Doc. 49 at 5-7.) Plaintiffs have not, however, specifically addressed the need for plaintiff to produce competent medical evidence connecting the emotional harm to the underlying conduct. (Doc. 49.) Defendant has replied to this opposition. (Doc. 51.) For the reasons set out within we agree with the defendant and will grant his motion for summary judgment as to the IIED claim.

## II. DISCUSSION

As we write only for the parties it is not necessary for us to set out anything other than the few undisputed material facts relevant to our resolution of these IIED claims. We also find it unnecessary to set out the legal standard for the resolution of this motion brought under Fed. R. Civ. P. 56, as it is well known to counsel and not in dispute.

These claims arose from an encounter between Plaintiffs and remaining Defendant Palmer at Crozer Park in Chester, Pennsylvania on October 13, 2012. As Judge Baylson summarized in his "Memorandum Re: Motions to Dismiss" of June 24, 2015 (Doc. 33), Detective Palmer is alleged to have been in aggressive pursuit of Plaintiffs on the date in question and firing shots at or in the direction of Plaintiffs from a pickup truck in which he was riding. He is also said to have subdued Plaintiffs while repeatedly uttering racial slurs, including frequent use of the "N" word. (*See id.*; Docs. 1, 20 ¶¶ 12-17.) Accepting for the purpose of this motion only Plaintiffs' version of these events, we conclude that Plaintiffs have failed to sustain

their burden with respect to the IIED claim.

As IIED is a state law claim, we look to the appellate courts of Pennsylvania for guidance. We conclude that the Pennsylvania Supreme Court's discussion and rationale, set out in *Kazatsky v. King Davis Memorial Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987), controls. The *Kazatsky* plaintiffs were grieving parents of infant twins who died shortly after birth. The facts there, set out in the opinion, tell of an assortment of events involving the defendant cemetery and concerning the location of children's burial plots, the plots' preparation and maintenance and asserted interference with an "unveiling" ceremony, as well as other aspects of the handling of the internment and its ceremonial components. *Id.* at 989-90.

In considering the IIED claim, the Court began its discussion with reference to the Restatement (Second) Torts section 46(1), which states:

> **Outrageous conduct causing severe emotional distress**
>
> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Putting aside the question of the extreme degree of outrageousness required to make out the claim, the Court focused on the question of causation. There, acknowledging the Pennsylvania courts' reluctance to allow claims for emotional harm without "physical inquiry or impact" and the extension of that proposition to the "zone of danger" theory in *Niederman v. Brodsky*, 436 Pa. 401 (Pa. 1970), the *Kazatsky* Court set out the law's concern over recognizing claims of this type, given the danger of fraudulent claims, fear of opening up a flood of litigation and the difficulty of medical science to establish causation. *Id.* at 192.

In dealing with this aspect of the tort, the Court quoted extensively from Professor

Givelber's contribution to the *Columbia Law Review*, 82 COLUM. L. REV. 42, 5253, titled, "*The Right to Minimum Social Decency and the Limits of Evenhandedness: Intentional Infliction of Emotional Distress by Outrageous Conduct*" which noted that Restatement 46 could be considered to have conflated a finding of "outrageous conduct" directly into the issue of damages. Again quoting Professor Givelber, the Court stated that

> [t]his blurring of the distinction between plaintiffs' injury and defendant's behavior is typical of intentional torts. Yet this is a most atypical intentional tort since it fails to define the proscribed conduct beyond suggesting that it is very bad indeed.

*Id.* at 197 (*citing* Givelber, at 42-43). Observing that a requirement of demonstrating "objective proof of severe emotional distress will not present an unsurmountable obstacle to recovery," the Court concluded that Section 46 of the Restatement would be accepted within Pennsylvania jurisprudence only if "the alleged emotional distress [is] supported by competent medical evidence." *Id.* By not offering this competent medical evidence in *Kazatsky*, the plaintiffs' IIED claim failed. Plaintiffs here suffer from the same limitation.

*Kazatsky* and its rationale, albeit sometimes in the context of the tort of negligent infliction of emotional distress as opposed to IIED, have been cited with approval by our Court of Appeals and by judges in this District. *See e.g.*, *Bolden v. Se. Pennsylvania Transp. Auth.*, 21 F.3d 29, 35 (3d Cir. 1994) (where the court distinguished an IIED claim, which required medical expert testimony, with emotional distress damages associated with § 1981 and 1983 claims); *Williams v. Guzzardi*, 875 F.2d 46, 51-52 (3d Cir. 1989) (where the court affirmed a lower court ruling in favor of plaintiff on an IIED claim where competent supporting medical evidence was present, noting that *Kazatsky* limits "the scope of liability by requiring competent medical evidence of causation…" even where plaintiff has presented the elements needed to establish

4

IIED: (1) the conduct must be extremely outrageous; (2) it must be intentional or reckless; and (3) it must cause emotional distress; and (4) the distress must be severe, but did not include the (see *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979)); *Robinson v. May Dept. Stores Co.*, 246 F. Supp. 2d 440 (E.D. Pa. 2003) (Brody, J.); *Rosembert v. Borough of East Lansdowne*, 2016 WL161592 (E.D. Pa. 2016) (Goldberg, J.).

For all of the above referenced reasons, we grant Palmer's motion for summary judgment as to Count IV of Plaintiffs' Complaint.[2]  An appropriate order follows.

                                          BY THE COURT:


                                          /s/ David R. Strawbridge_____
                                          DAVID R. STRAWBRIDGE
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the above it is not necessary for us to make any ruling with respect to whether or not the conduct itself is sufficient to establish an IIED claim.